CUSHING STATE BANK, APPELLEE, V. ROBERT SALING, APPELLANT.

FILED NOVEMBER 12, 1913. No. 17,436.

Appeal: CONFLICTING EVIDENCE. Where a case is tried by a jury on conflicting evidence, the supreme court will not set aside the verdict and grant a new trial, unless the verdict is against the clear weight of the evidence, and is manifestly wrong.

APPEAL from the district court for Howard county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*T. T. Bell*, and *W. A. Prince*, for appellant.

*F. J. Taylor* and *W. H. Thompson*, contra.

BARNES, J.

The plaintiff brought this action on a promissory note given by the defendant to the plaintiff bank for the sum of $50. The defendant admitted that he gave the note in suit to plaintiff and that it had not been paid, and by way of a set-off alleged in his answer that plaintiff was indebted to him in the sum of $250 for one-half of the commission in a real estate transaction where the defendant procured a purchaser for land the plaintiff had for sale, under an agreement that the plaintiff would give the defendant one-half of its commission for procuring a purchaser for the land. The plaintiff admitted that the land was sold to the party the defendant claimed to have procured, and that plaintiff's commission amounted to something like $500, but denied any agreement to divide the commission with defendant. The verdict was against the defendant on his set-off and in favor of the plaintiff upon the original cause of action. Judgment was rendered on the verdict, and the defendant has appealed.

It is the sole contention of counsel for the defendant that the verdict of the jury was not supported by the evidence, and should have been for the defendant for the dif-

ference between the amount due on plaintiff's note and defendant's set-off, and that the district court erred in overruling the defendant's motion for a new trial. It is conceded in the brief filed by defendant's counsel that the evidence, on the question of the defendant's set-off, was conflicting; but it is argued that, notwithstanding such conflict of evidence, the verdict was clearly wrong. As we read the record, it seems clear that there was a sharp conflict in the evidence relating to the question of any agreement of the plaintiff to divide the commission for the sale of the land in question with the defendant. In fact the defendant's witnesses testified positively that they, the officers of the bank, never had or made any agreement with the defendant in relation to the division of commissions on the sale of any real estate. The defendant's cashier, with whom defendant claimed the agreement was made, denied positively that he ever had any talk or consultation with the defendant in relation to the sale of land or the division of commissions. On the other hand, the testimony of the defendant was, in substance, that there was an agreement with the defendant's cashier by which there was to be a division of commissions, and some evidence was produced tending to some extent to corroborate the defendant's testimony, but on the whole there was such a clear and direct conflict of the testimony as would warrant the jury, if they believed the plaintiff's evidence to be true, in returning a verdict against the defendant on his counter-claim. It follows that, under such circumstances, this court is not warranted in setting aside the verdict of the jury and granting a new trial.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.